IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br> vs. <br><br> UNITED APOTHECARY, INC. <br> A/K/A RIDDLE DRUGS <br> A/K/A RIDDLE EXPRESS PHARMACY; <br> RIDDLE PROPERTIES, LLC; <br> GEORGE ERNEST RIDDLE <br> A/K/A ERNIE RIDDLE; <br> ROBERT B. RIDDLE: <br> JARED GRANT RIDDLE; <br><br> Defendants | CASE NO.1:21-CV-04738-AT |

# **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332

2. Defendant United [Business] is organized in and a citizen of Tennessee, the location of its principal place of business, owned by the Debtors.

1

3. Defendants George Ernest Riddle [Debtor], Robert Riddle and Jarred Riddle [Co-Debtors] are individuals domiciled in and citizens of Tennessee per § 1332, members or other owners of Defendant Riddle Properties, LLC [RPL].

4. Debtor and Co-Debtors are officers, owners or agents of Business and RPL, with authority to act on behalf of each other, such as the transactions at issue.

5. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

6. This litigation concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

7. Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

8. The Loan at issue and its governing instruments stipulate they were applied for, considered and funded from Georgia, whose performance is due in Georgia. They are governed by Georgia law, contain mandatory Georgia forum clauses and waive any defenses of Georgia jurisdiction and venue, as Debtor and Business agreed, who subjected themselves to jurisdiction in Georgia with their property and assets. Co-Debtors and RPL are closely related to Debtor and

Business, who are bound by the forum clauses in the loan instruments. They are linked to Debtor and Business and it was foreseeable they would be bound by the Instruments, by their terms, whose rights derive from Business and Debtor.

9. Personal jurisdiction exists and proper under O.C.G.A. § 9-10-91 *et seq* and the Constitution to Defendants, their property and assets. They regularly engage in foreseeable, intentional, continuous and systematic contacts here, conduct business here or perform work here, contract with citizens here or own property here. They have sufficient minimum contacts here, in general and as to this specific case. Exercising jurisdiction over them here does not violate due process or offend traditional notions of fair play and substantial justice.

10. Defendants conducted their pharmacy businesses as their enterprise, sharing its offices, officers, staff, property and assets. They occupy offices based from the same locations, sharing common ownership, management and finances.

11. Business and Debtor applied for a commercial loan [Loan] at Plaintiff's Georgia office, which represented in the application process that Debtor could bind the Business, who had the ability and intent to comply with the Loan; whose application information was truthful, upon Plaintiff materially relied, of which all Defendants assumed, adopted and ratified.

12. On or about 3/26/21 [Closing] Business, through Debtor, executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of $318,000.00, at its office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process [Note ¶ 1-5].

13. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) obtains another loan without written permission [Note ¶ 6].

14. The Note is Business's unconditional legal obligation to satisfy the Loan, with all others who become liable for its amounts due, such as Debtors, who waived any defenses to it, aside from payment, which states:

> *Borrower and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *any defense, including but not limited to the defense of the statute of limitations in any action or proceeding brought for the obligations due, arising under or related to this Note aside from the defense of payment in full*. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower under this Note or the

right of Lender to take further action without further notice to Borrower [Note ¶13].

Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14].

15. The Note is governed by Georgia law and subject to jurisdiction and venue in any forum in any action arising from or relating to it [Note ¶¶ 20, 23, 24] which Debtors and Business assumed, adopted and ratified.

16. The property and assets of Business, with all others who become liable per the Note, are encumbered as its collateral under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides:

As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other

tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

17. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of the Defendants for debt owed under the Loan [Note ¶ 25].

18. At the Closing, Debtor executed and delivered a Guaranty of the Note and Security Agreement to Plaintiff's Georgia office, which Defendants ratified.

19. The Guaranty is breached and in default based upon a breach of and default on its terms or any breach of and default on the Note [Guaranty p. 1].

20. The Guaranty is Debtor's unconditional legal obligation to satisfy the Loan, with all others who become liable for it, their estates, executors, administrators, heirs, successors and assigns, such as Co-Debtors, who waived defenses aside from payment, as the Guaranty states:

In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

*Guarantor and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full.* No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty or the right of Lender to take further action without further notice to Guarantor. [Guaranty ¶ 8].

7

21. The Guaranty is governed by Georgia law and all others who become liable for or are bound by the Loan per the Guaranty are subject to jurisdiction and venue in any action arising from or relating to the Loan [Guaranty ¶¶ 10, 12] which Debtors and Business ratified.

22. The property and assets of Debtors with all others who become liable for or are bound by the Loan are encumbered as collateral for it under the Note, Security Agreement and Guaranty, or as otherwise required, which Debtors and Business ratified, which provides:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) *the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note*; (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower [Guaranty ¶1].

23. Plaintiff may enforce the Loan as to Debtor and all others who become liable for and are bound by the Loan under the Guaranty, such as the Co-

Debtors, with the same methods and remedies in the Note, such as the Security Agreement [Guaranty ¶ 11, 14, 20].

24.     At the Closing, Debtor executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which Co-Debtors and Business ratified.

25.     At the Closing, Debtors and Business received the Loan Funds by wire transfer into their account from Plaintiff's account, to which they ratified.

26.     Defendants assumed, adopted, ratified and are liable on the Note, Guaranty, Security and Debit Agreements and any Modification [Instruments] of which Defendants had notice and knowledge during all times relevant. Upon information, they used the Funds for household expenses to maintain or purchase property subject to the Loan. RPL leases the property from which the Business is operated, which in turn is owned by the Debtor. At the Closing, Defendants omitted to mention Business faced an impending search and seizure by the FBI on 6/9/21, at which time the loan payments inexplicably ceased.

27.     The Instruments are a security interest in and encumber the property and assets of Defendants, such as but not limited to the below ones:

    (a)     <u>1050 Oak Ridge Turnpike, Oak Ridge, TN owed by RPL.</u>

    (b)     <u>105 Stonebridge Way, Oak Ridge TN 37830 owned by RPL.</u>

 (c) <u>616 East Tri-County Blvd, Oliver Springs, TN 37840 owned by RPL.</u>

 (d) <u>830 Main Street, Wartburg TN 37051 owned by RPL.</u>

 (e) <u>112 Tucker Road, Oak Ridge TN 37830 owned by Jared Riddle.</u>

 (f) <u>574 Bacon Springs LN, Clinton TN owned by George/Debbie Riddle.</u>

 (g) <u>642 Tri-County Blvd, Oliver Springs TN owned by George Riddle.</u>

 (h) The Instruments encumber the interests of Debtors in RPL

 (i) Co-Debtors and RPL are closely related to Business and Debtor and it was foreseeable they would be bound by the Instruments, whose rights are derivative of the other Defendants, whose conduct requires this result.

 (j) The above and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or by the misconduct of Defendants, which were purchased, improved or maintained with the Funds, or which are otherwise invalid.

 (k) The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments by Plaintiff and to jurisdiction here.

28. The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ ¶ 2, 14, Guaranty ¶¶ 1-3]. Debtor and Business and others are "liable for its amounts due" [Note ¶ 13, Guaranty ¶¶ 3, 8]. It bars their counterclaims, offsets and defenses

10

except payment [Note ¶ 13-14, Guaranty ¶¶ 2, 8]. It provides for payment of interest, costs, other charges and fees [Note ¶¶ 2, 5, 8, 10, Guaranty ¶¶ 1, 7]. It is enforceable by remedies Plaintiff may simultaneously pursue, including on the debt and Security Agreement [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 11, 14, 20]. It was ratified by Debtors and Business who accepted and retained the Funds

29. Debtors and Business breached and defaulted upon the Instruments, such as but not limited to misrepresentations when obtaining the Loan, such as their ability to satisfy the Loan, defaulting just after the Closing, failing to make payments, obtaining unapproved loans, dissipating property and assets secured by the Loan such as those of Business, which they did not cure even after demand by Plaintiff and failing to disclose their illegal conduct. They are liable for the Loan and their misconduct, as Business was undercapitalized and could not satisfy its debts, the alter-ego of Debtors. This misconduct resulted from the acts or omissions of the Defendants, further detailed here.

30. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them prior to commencing suit, seeking their principal balance, fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶ 2, 5, 7, 8, 10, Guaranty ¶ 1, 7].

31. Plaintiff reasonably relied upon the representations of Debtors and Business and paid the Funds to them, which closed the Loan with them as a result.

32. Debtors and Business accepted and retained the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining their property, assets and the Funds.

33. Debtors and Business are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

34. All interests in the property and assets of Debtors and Business are subject to, subordinate and inferior to Plaintiff's interest, of which they had notice or knowledge, from which they benefitted, who will not be prejudiced or subjected to injustice by the relief sought.

35. All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

### COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AND RELATED RELIEF AS TO AS TO DEFENDANTS

36. ¶¶ 1-35 are incorporated.

37. The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as Defendants, which they assumed, adopted and ratified.

38. The Instruments are secured by all property and assets of Defendants by their terms and or due to their conduct, which they assumed, adopted and ratified, including their interests in Defendant RRL.

39. Debtors and Business breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

40. Debtors and Business accepted the Funds, which they wrongfully retain, who are unjustly enriched by retaining them with their property and assets.

41. Debtors and Business cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

42. The Instruments are enforceable against the property and assets of the Defendants, as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone.

43. Plaintiff requests the Court declare and establish that Debtors and Business are liable for the Instruments, which are a secured interest in their property and assets, enforceable as an equitable lien or mortgage or constructive trust or like remedy, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO DEFENDANTS

44. ¶¶ 1-35 are incorporated

45. Defendants consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

46. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now in default and due.

47. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

48. Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

49. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with charges as provided by the Instruments and as provided by law.

50. Plaintiff demands judgment for its damages on the Instruments as to Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT AND
## RELATED RELIEF AS TO DEFENDANTS

51.     ¶¶ 1-35 are incorporated.

52.     Defendants induced and encouraged Plaintiff to confer the Funds upon them through Debtor, of which they assumed, adopted and ratified.

53.     Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

54.     Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

55.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

56.     Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on their property and assets.

## COUNT IV:  MONEY HAD AND RECEIVED AND
## RELATED RELIEF AS TO DEBTOR AND BUSINESS

57.     ¶¶ 1-35 are incorporated.

58.     Defendants induced Plaintiff's payment of the Funds to them through Debtor and Business which they received, hold and rightfully belong to Plaintiff in good conscience and equity, which they should not retain.

15

59. Plaintiff made demand for repayment of the Funds upon Defendants which was refused, was unnecessary or futile.

60. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

61. Plaintiff demands judgment as to Defendants for the balance of the Funds, plus interest, costs and all just relief, including its other remedies, such as equitable lien, equitable mortgage or constructive trust on their property and assets.

### COUNT V:  ATTORNEY'S FEES AND RELATED RELIEF AS TO DEFENDANTS

62. ¶¶ 1-35 are incorporated.

63. Defendants acted in bad faith by their misconduct, refusing to resolve the matters, requiring Plaintiff to bring the action and incur costs and fees.

64. Defendants were stubbornly litigious as there was no dispute of their liability, who caused Plaintiff the unnecessary trouble/expense to bring suit.

65. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

66. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment as to the Defendants for its fees, costs and just relief, such as its other remedies, if not otherwise granted.

67. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

## **CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 12 day of November 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 175420HC